United States District Court
District of Connecticut
FILED AT NEW HAVEN
9/9 ,20 26
By N. Langello
Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States of America :
:
-v- : September 09, 2026
:
Nelson Romero-Martinez, : 3:26-mj-1017 RMS
aka "Nelson Dario Martinez," :
"Nelson Martinez," "Jose Del Arca," and :
"Jose Delarca"

**AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT**

CHRISTOPHER W. JONES, being duly sworn, deposes and states as follows:

**BACKGROUND OF AFFIANT**

1. I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE"), Hartford, Connecticut, suboffice. I am an investigative or law enforcement officer of the United States and empowered by law to conduct investigations and to make arrests for offenses enumerated in, among other things, Title 8 and Title 18 of the United States Code. I have been in this position since 2008 and am currently assigned to the Criminal Alien Program/Secure Communities Unit where I am responsible for investigating, among other things, violations of the United States Immigration and Nationality Act ("INA"). As a result of my training and experience as a Deportation Officer, I am familiar with federal laws, specifically federal immigration laws. I have conducted numerous investigations involving violations of immigration laws, and I have executed or assisted with the execution of multiple search and arrest warrants.

2. I make this affidavit in support of an application for a criminal complaint and an arrest warrant for Nelson ROMERO-Martinez ("ROMERO"), also known as Nelson Dario Martinez, Nelson Martinez, Jose Del Arca, and Jose Delarca, an adult male born in 1978, who is

a native and citizen of Honduras, and who has an Alien Registration Number, known to me, ending in 020. He is not a citizen or national of the United States of America.

3. Based on the facts set forth below, I submit that there is probable cause to believe, and I do believe, that ROMERO illegally reentered the United States after having been previously removed from the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). Accordingly, I make this affidavit in support of a criminal complaint charging ROMERO with a violation of 8 U.S.C. §§ 1326(a) and (b)(1) and in support of the issuance of an arrest warrant authorizing the arrest of ROMERO.

4. The statements contained in this affidavit are based in part on information provided by other members of local, state, and federal law enforcement; my own investigation to include personal observations, documents and other investigative materials that I have reviewed; and my training and experience. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested criminal complaint and arrest warrant.

5. As explained below, ROMERO is currently in custody of the Connecticut Department of Corrections ("CT DOC") at Chesire Correctional Institution, in Chesire, Connecticut, where he is awaiting sentencing on state charges as described below.

## STATUTORY AUTHORITY

6. This investigation concerns violation of 8 U.S.C. §§1326(a) and 1326(b)(1), which prohibits previously deported aliens from reentering or being found in the United States without the prior permission of the Attorney General of the United States, or his or her successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United

States.

7. Under the INA, the term "aggravated felony" includes "a crime of violence (as defined in section 16 of title 18 . . .)[.]" 8 U.S.C. § 1101(a)(43)(F).

## PROBABLE CAUSE

### A. ROMERO's Recent Location in Connecticut and Recent Criminal History

8. On August 5, 2025, an individual who identified himself as Nelson Dario ROMERO Martinez, with a date of birth known to me in 1978, was arrested by the New Haven, Connecticut Police Department for threatening first degree – with hazard to terrorize, three counts of risk of injury to a child, and two counts of reckless endangerment first degree. This arrest was based on a report that ROMERO pointed a gun at a family member during a domestic dispute, in the presence of several children.

9. On or about February 6, 2026, the Connecticut Superior Court in New Haven convicted ROMERO of threatening second degree – physical threat, in violation of Connecticut General Statute ("C.G.S.") § 53a-62(a)(1). He was sentenced to eleven months in jail, with the execution suspended, and two years' probation.

10. At the time of his arrest in August 2025, ROMERO was also charged with failure to appear first degree relating to a pending 2023 assault charge arising from a report that ROMERO had stabbed a man in the chest in Bridgeport. Earlier this year, ROMERO pled guilty to assault first degree – disfigurement, in violation of C.G.S. § 53a-59(a)(2). He has not been sentenced yet. He is currently in state custody at Cheshire Correctional Center on a $500,000 bond, and his next court date is September 22, 2026.

11. After ROMERO's most recent arrest, on August 6, 2025, CT DOC submitted an Immigration Alien Query for an individual named Nelson D. ROMERO Martinez. An Immigration Alien Response resulted in a positive biographic match for an individual having the same name, date of birth, and law enforcement identification numbers, who is without lawful status in the United States and who had been previously deported, as Nelson Dario ROMERO-Martinez. ICE lodged an Immigration Detainer, Form I-247A.

**B. Immigration History and Older Criminal History**

12. A review of ROMERO's alien file, his immigration and criminal history, and multiple databases, police reports and court documents, revealed the following:

13. On or about August 20, 1999, former Immigration and Naturalization Service ("INS") became aware of ROMERO in the United States after he filed an application for temporary protected status. On this application, ROMERO stated he entered the United States without inspection on or about September 15, 1999, at or near Brownsville, Texas.

**i. Deportation/Removal #1**

14. On or about October 23, 2005, the East Hartford, Connecticut Police Department arrested ROMERO on a charge of two counts of assault second degree arising from a report that he stabbed two individuals at a child's birthday party.

15. On or about August 24, 2006, the Manchester, Connecticut Police Department arrested ROMERO on a charge of unlawful restraint arising from a report that during a domestic physical altercation with his then-girlfriend, he held her down and would not let her leave.

16. On or about January 25, 2007, the Connecticut Superior Court in Manchester convicted ROMERO of two counts of assault second degree in violation of C.G.S. § 53a-60 and one count of unlawful restraint first degree in violation of C.G.S. § 53a-95. For the assault

convictions, he was sentenced to five years in jail, eighteen months to serve, and five years' probation, and for the unlawful restraint conviction, he was sentenced to five years in jail, thirty-six months to serve, and five years' probation.

17. On or about February 10, 2007, ICE Enforcement and Removal Operations ("ERO") encountered ROMERO while incarcerated at CT DOC in Hartford, Connecticut, and lodged an Immigration Detainer, Form I-247A.

18. On or about March 25, 2009, while in CT DOC custody, ICE issued ROMERO a Notice to Appear for alleged violations of the INA: conviction of a crime of moral turpitude, illegal entry, and being present without legal entry documents. On or about September 10, 2009, an immigration judge in Hartford, Connecticut ordered ROMERO removed to Honduras. ROMERO waived appeal.

19. On or about October 14, 2009, ICE took custody of ROMERO from CT DOC pursuant to the previously lodged immigration detainer.

20. On or about January 5, 2010, ICE executed a Warrant of Removal/Deportation, Form I-205, for ROMERO and removed him from the United States to Honduras on an ICE operated flight from San Antonio, Texas. ROMERO's photograph and fingerprint were taken and recorded on the warrant prior to his removal.

21. ICE also advised ROMERO, via Form I-294, Warning to Alien Ordered Removed or Deported, that he could not return to the United States at any time because he was found inadmissible or excludable under § 212 of the INA, and ordered deported or removed from the United States. The form also notified him that he could face criminal charges under 8 U.S.C. § 1326 if he reentered the United States without permission. I am aware based on my training and experience that ICE Deportation Officers typically provide this form to the alien around the time

of actual removal from the United States. A Deportation Officer signed the form indicating he served the form on ROMERO. ROMERO's fingerprint was placed on this form.

**ii. Deportation/Removal #2**

22. On or about August 18, 2012, United States Border Patrol ("USBP") encountered ROMERO at or near Hidalgo, Texas and served ROMERO with a Notice of Intent/Decision to Reinstate Prior Order, Form I-871, which reinstated his prior order of removal.

23. On or about August 20, 2012, the United States District Court for the Southern District of Texas convicted ROMERO of 8 U.S.C. § 1325(a)(1) and sentenced him to thirty days' jail with credit for time already served.

24. On or about November 2, 2012, ICE executed a Warrant of Removal/Deportation, Form I-205, for ROMERO and removed him from the United States to Honduras on an ICE operated flight from San Antonio, Texas. ROMERO's photograph and fingerprint were taken and recorded on the warrant prior to his removal.

25. ICE again advised ROMERO, via Form I-294, Warning to Alien Ordered Removed or Deported, that he could not return to the United States at any time because he was found inadmissible or excludable under § 212 of the INA, and ordered deported or removed from the United States. The form also notified him that he could face criminal charges under 8 U.S.C. § 1326 if he reentered the United States without permission. I am aware based on my training and experience that ICE Deportation Officers typically provide this form to the alien around the time of actual removal from the United States. A Deportation Officer signed the form indicating he served the form on ROMERO. ROMERO's fingerprint was placed on this form.

**iii. Deportation/Removal #3**

26. On or about April 3, 2013, USBP encountered ROMERO at or near Hidalgo, Texas and served ROMERO with a Notice of Intent/Decision to Reinstate Prior Order, Form I-871, which reinstated his prior order of removal.

27. On or about April 4, 2013, the United States District Court for the Southern District of Texas convicted ROMERO of 8 U.S.C. § 1325(a)(1) and sentenced him to sixty days' jail with credit for time already served.

28. On or about July 1, 2013, ICE executed a Warrant of Removal/Deportation, Form I-205, for ROMERO and removed him from the United States to Honduras on an ICE operated flight from Houston, Texas. ROMERO's photograph and fingerprint were taken and recorded on the warrant prior to his removal.

29. ICE again advised ROMERO via Form I-294, Warning to Alien Ordered Removed or Deported, that he could not return to the United States at any time because he was found inadmissible or excludable under § 212 of the INA, and ordered deported or removed from the United States. The form also notified him that he could face criminal charges under 8 U.S.C. § 1326 if he reentered the United States without permission. I am aware based on my training and experience that ICE Deportation Officers typically provide this form to the alien around the time of actual removal from the United States. A Deportation Officer signed the form indicating he served the form on ROMERO. ROMERO's fingerprint was placed on this form.

**iv. Deportation/Removal #4**

30. On or about March 1, 2016, the Norwich, Connecticut Police Department arrested and charged ROMERO with a traffic violation. On that same day, the Norwich Police Department turned ROMERO over to ICE custody pursuant to an immigration detainer.

31. On or about April 29, 2016, ICE executed a Warrant of Removal/Deportation, Form I-205, for ROMERO and removed him from the United States to Honduras on an ICE operated flight from New Orleans, Louisiana. ROMERO's photograph and fingerprint were taken and recorded on the warrant prior to his removal.

32. ICE again advised ROMERO via Form I-294, Warning to Alien Ordered Removed or Deported, that he could not return to the United States at any time because he was found inadmissible or excludable under § 212 of the INA, and ordered deported or removed from the United States. The form also notified him that he could face criminal charges under 8 U.S.C. § 1326 if he reentered the United States without permission. I am aware based on my training and experience that ICE Deportation Officers typically provide this form to the alien around the time of actual removal from the United States. A Deportation Officer signed the form indicating he served the form on ROMERO. ROMERO's signature is at the bottom of this form.

**v. Deportation/Removal #5**

33. As noted above, on August 5, 2023, ROMERO was arrested in Connecticut on state assault charges, and he was released on bond despite ICE lodging an Immigration Detainer, Form I-247A.

34. On or about October 18, 2023, a grand jury in the United States District Court for the District of Connecticut indicted ROMERO on one count illegal reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b)(1). *United States v. Nelson Romero-Martinez*, 3:23-cr-176 (JAM).

35. On or about October 20, 2023, ICE arrested ROMERO pursuant to the arrest warrant issued by the District of Connecticut. ICE lodged an Immigration Detainer, Form I-247A with the United States Marshals Service.

36. On or about March 11, 2024, the district court released ROMERO pursuant to an order setting conditions of release. *United States v. Nelson Romero-Martinez*, 3:23-cr-176 (JAM) (docket entry #49). ICE took custody of ROMERO pursuant to his immigration detainer.

37. On or about April 8, 2024, ICE executed a Warrant of Removal/Deportation, Form I-205, for ROMERO and removed him from the United States to Honduras on an ICE operated flight from New Orleans, Louisiana. ROMERO's photograph and fingerprint were taken and recorded on the warrant prior to his removal.

38. ICE again advised ROMERO via Form I-294, Warning to Alien Ordered Removed or Deported, that he could not return to the United States at any time because he was found inadmissible or excludable under § 212 of the INA, and ordered deported or removed from the United States. The form also notified him that he could face criminal charges under 8 U.S.C. § 1326 if he reentered the United States without permission. I am aware based on my training and experience that ICE Deportation Officers typically provide this form to the alien around the time of actual removal from the United States. A Deportation Officer signed the form indicating he served the form on ROMERO.

39. After ICE removed ROMERO from the United States, ROMERO's criminal case in the District of Connecticut was dismissed. *United States v. Nelson Romero-Martinez*, 3:23-cr-176 (JAM) (docket entries #52 and #53).

**C. ROMERO Did Not Obtain Permission to Re-enter the United States**

39. On June 24, 2026, a representative of Citizenship and Immigration Services with the United States Department of Homeland Security certified that no record was found to exist indicating that ROMERO obtained consent from the Attorney General of the United States or from the Secretary of the Department of Homeland Security for readmission in the United States.

40. Based on the foregoing facts, and my training and experience as a Deportation Officer participating in this investigation, there is probable cause to believe, and I do believe, that Nelson Dario ROMERO-Martinez has illegally reentered the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

CHRISTOPHER W JONES Digitally signed by CHRISTOPHER W JONES Date: 2026.09.09 12:02:07 -04'00'

Christopher W. Jones, Deportation Officer
Department of Homeland Security
Immigration and Customs Enforcement

The truth of the foregoing affidavit has been attested to me by Deportation Officer Christopher W. Jones by telephonic means on September on September 9 2026, at New Haven, Connecticut.

Robert M Spector Digitally signed by Robert M Spector Date: 2026.09.09 12:12:53 -04'00'

HONORABLE ROBERT M. SPECTOR
UNITED STATES MAGISTRATE JUDGE